SCANNED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

## 11 CIV. 0815

**RICHIE F. LEVINE**

                            **Plaintiff,**

    **vs.**

**ADECCO USA, INC.**

                           **Defendant.**

CIVIL ACTION NO._____

COMPLAINT FOR
MONETARY DAMAGES,
DECLARATORY AND
INJUNCTIVE RELIEF

JURY TRIAL DEMANDED

## I. PRELIMINARY STATEMENT

1.    Plaintiff brings this action pursuant to the federal Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.*, and the State of New York's Fair Credit Reporting Act, N.Y. Gen. Bus. L. Article 25 §§ 380, *et seq.*, against defendant, Adecco USA, Inc, for running a background check. This action alleges that Adecco USA, Inc. willfully or, alternatively, negligently failed to obtain authorization on a standalone form, failed to correct his background check when he complained in writing, failed to provide a copy of Article 23-A and has denied his application for future employment based on information obtained from a consumer report and refused to provide Plaintiff with any specifics as to what legitimate business need Defendant required access to Mr. Levine's criminal history without his consent.

## II. JURISDICTION AND VENUE

2.  This Court can rule on this matter pursuant to a federal question, 15 U.S.C. § 1681(p) and pursuant to 28 U.S.C. §§1331, 1637 based on pendent jurisdiction


RECEIVED
PRO SE OFFICE

3. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391(b) and (c) because the events or omissions giving rise to the claim occurred in this District, and Defendant maintains a New York office and is licensed to do business in this state. In addition Plaintiff resides in this district.

4. This Court has authority to grant monetary, injunctive and other relief pursuant to 15 U.S.C. § 1681(p) and N.Y. Gen. Bus. Law § 349.

## III. PARTIES

5. Plaintiff is a 33 year old male from Orange County and a resident of New York State. His mailing address is 290 Larkin Drive STE 103-373 in Monroe, New York 10950.

6. Defendant Adecco USA Inc, (hereinafter "Defendant Adecco"), is an employment agency that upon information and belief operates and conducts business in New York State and is headquartered at 175 Broad Hollow Road in Melville, New York in Nassau County with offices throughout the state and located in the District where Plaintiff lives. Defendant maintains a local office in Orange County at 608 Broadway #2 in Newburgh, New York 12550 in which it conducts business.

## IV. STATUTORY FRAMEWORK

### A. Fair Credit Reporting Act

7. The federal Fair Credit Reporting Act (hereinafter FCRA), 15 U.S.C. §§ 1681 *et seq.*, governs the content, issuance and use of consumer reports prepared for a variety of purposes, including background checks and consumer reporting agencies.

8. FCRA defines "person" as "any individual, partnership, corporation, trust, estate, cooperative, association, government or governmental subdivision or agency, or other entity." 15 U.S.C. § 1681a(b).

9. FCRA defines a "consumer reporting agency" to mean any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports. 15 U.S.C. 1681 a(f).

10. A "consumer report" is:

> any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility..., 15 U.S.C. § 1681a(d)(1),

for "a legitimate business need for the information in connection with a business transaction that is initiated by the consumer." 15 U.S.C. § 1681b(a)(3)(F).

11. An "adverse action" occurs when a person takes an action or makes a determination connected to a consumer's application that is adverse to the consumer's interests. 15 U.S.C. § 1681a(k)(1)(b)(iv).

12. The term "employment purposes" when used in connection with a consumer report means a report used for the purpose of evaluating a consumer for employment, promotion, reassignment or retention as an employee. 15 U.S.C. § 1681a(h).

13. FCRA requires employers to provide applications with a standalone authorization form before submitting the background check. 15 U.S.C. § 1681b(b)(2)(A).

14. FCRA imposes civil liability for willful noncompliance with the statute, providing for actual damages up to $1000, punitive damages at the court's discretion, costs and attorney's fees. 15 U.S.C. § 1681n.

15. FCRA also imposes civil liability for negligent noncompliance with the statute, providing for actual damages, costs and attorney's fees. 15 U.S.C. § 1681o.

## B. New York Fair Credit Reporting Act

16. The New York Fair Credit Reporting Act (hereinafter NY FCRA), N.Y. Gen. Bus. L. § 380 *et seq.*, governs the content, issuance and use of consumer reports prepared for a variety of purposes..

17. NY FCRA defines "person" as "any individual, partnership, corporation, trust, estate, co-operative, association, government or governmental subdivision, agency or other entity." N.Y. Gen. Bus. L. § 380-a(a).

18. A "user" is "any person receiving or requesting a consumer report or an investigative consumer report other than the subject thereof." N.Y. Gen. Bus. L. § 380-a(i).

19. Defendants are "persons" and "users," subject to the requirements of NY FCRA.

20. NY FCRA defines "consumer report" as

> any communication by a consumer reporting agency of information that bears on an individual consumer's credit worthiness, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or part for the purpose of serving as a factor in establishing the consumer's eligibility . . ., N.Y. Gen. Bus. L. § 380-a(c)(1).

21. N.Y. Gen. Bus. Law §380-c(b) and g(d) requires employers to provide a copy of Article 23-A whenever they obtain an investigative consumer report or a criminal background check.

22. Users of consumer reports are civilly liable for negligent noncompliance with the statute, and are liable for actual damages and costs and attorney's fees. N.Y. Gen. Bus. Law § 380-m.

## V. FACTS

1. On or about February 2005 plaintiff applied for a job through Defendant Adecco. He completed a job application and revealed his felony and misdemeanor conviction. Plaintiff obtained an employment position at at Phillips Semi Conductor in East Fishkill, New York.

2. Plaintiff worked for Defendant Adecco from February 28, 2005 through August 7, 2005 and for one day on August 19, 2005 and successfully completed his assignment.

3. On or about April 2008 plaintiff completed another job application at Defendant Adecco's office in Newburgh, New York after discovering the Poughkeepsie, New York office had closed. Plaintiff was told he would be contacted if a position became available and was deemed eligible to be hired. Plaintiff's application for employment remained active for administrative and light industrial work.

4. On or about January 13, 2010, Defendant Adecco submitted a request for a criminal background check to LexisNexis Screening Solutions electronically under request #213142_801 under the name Richie Levine, with an incorrect address of 5490 Route 9W in Marlboro, New York 12542-6518.

5. LexisNexis Screening Solutions completed the request on or about January 18, 2010 and created a reference #61351472.

6. LexisNexis Screening Solutions drafted the background check by request of Defendant Adecco USA Inc. Plaintiff received the background check in the mail on or about January 25, 2010.

7. Plaintiff immediately called Defendant Adecco, and told a representative named Carol Pugach that he did not authorize any background check and did not sign any documents to authorize same on or about January 25, 2010 and that Defendant had taken an adverse action against him.

8. Plaintiff also informed the representative that he had not received an Article 23-A attachment and wanted to know what position it was run for. She indicated it was a mistake and there was no job offer and there was no signature obtained.

9. Plaintiff contacted Adecco via email first about the errors in the background check including but not limited to the incorrect charge of the felony and the term of imprisonment and the fact that his December 5, 2008 certificate of relief is not part of the misdemeanor record but is a matter of public record.

10. Defendant Adecco was later sent a follow up letter via UPS on February 8, 2010 telling them that Mr. Levine did not authorize the background check and that the information on it was wrong and to provide proof that he signed a stand-alone sheet granting permission.

11. Despite these email and written complaints, plaintiff was told that nothing could be done, that plaintiff was not being considered for any positions in which a client requested a person without a criminal conviction record and that any of the positions that Mr. Levine sought to apply for would not be used with the background check.

12. On or about April 19, 2010 Defendant Adecco was again via certified mail asked to fix the background check and explain why Mr. Levine was denied employment through Certified Mail and return receipt.

13. On or about May 10, 2010, Defendant Adecco was served with Intent to Sue Letters through certified letter and return to receipt. Adecco was informed they had 7 additional days to fix the report since over 90 days had elapsed since being informed of the errors. Documentation was enclosed again.

14. Despite being informed by Plaintiff that Defendant Adecco did not have any authorization to run his background check, and despite repeated attempts by Plaintiff to contact Defendant Adecco by telephone and in writing over a period of several weeks, Defendant Adecco has never responded, shown authorization or fixed the report.

15. Defendant Adecco has failed to provide Plaintiff with a signed copy of the authorization, the fixed report including the correct criminal records and any information they may have gathered about him from a consumer report and what employee requested the report.

16. Plaintiff's personal and financial resources have been steadily eroded by the economic hardships resulting from Defendants' unauthorized background check and denying him the benefits of a job offer and a correct background check. In addition, he has suffered severe emotional distress, humiliation, depression and embarrassment from being falsely, maliciously, and sedulously accused of being incarcerated for 5 years while being denied the benefit of a job offer by Defendant Adecco.

## VI. CAUSES OF ACTION

### COUNT I—Violation of Federal Fair Credit Reporting Act

17. Plaintiff repeats and realleges each paragraph above as if fully set forth herein.

18. Defendant violated the federal Fair Credit Reporting Act in the following particulars:

    A. When Defendant failed to obtain Plaintiff's signature consent based on the statutorily required information for the consumer reporting agency from which Defendants gathered the information they used as a basis to deny Plaintiff's employment application and never offer a position to him.

    B. When Defendant continuously failed to address the issues raised by Mr. Levine in the unauthorized consumer report that Defendants relied upon and his right to object to it, in conformance with the statute.

    C. When Defendant did not fix the background check in a timely matter as required by statute.

    D. Has not stated a legitimate business need for running Plaintiff's background check without a job offer.

    E. Defendant Adecco has refused to hire Plaintiff due to running the background check and terminated any chance for employment with its clients in retaliation.

19. As a result of Defendant's conduct, actions and omissions, Plaintiff suffered damages as set forth above.

20. Defendant's conduct, actions and omissions were willful, rendering Defendant jointly and severable liable for actual and punitive damages in an amount to be determined by this Court pursuant to 15 U.S.C. § 1681n.

21. In the alternative, Defendant's conduct, actions and inactions were negligent, rendering Defendant liable for actual damages pursuant to 15 U.S.C. § 1681o.

22. Plaintiff is entitled to recover costs from Defendant in an amount to be determined by this Court pursuant to either 15 U.S.C. §§ 1681n or 1681o.

23. This Court has the equitable power to enjoin Defendant from engaging in conduct that violates the Fair Credit Reporting Act, and Plaintiff requests that it exercise its equitable jurisdiction.

## COUNT II—Violation of New York Fair Credit Reporting Act

24. Plaintiff repeats and re-alleges each paragraph above as if fully set forth herein.

25. Defendant violated the New York Fair Credit Reporting Act in the following particulars:

   A. Defendant Adecco failed to obtain Plaintiff's stand alone signature consent from which they gathered the conviction record information they used as a basis to deny Plaintiff's employment application.

   B. Defendant Adecco continuously failed to address the issues raised by Plaintiff in the unauthorized consumer report that Defendant relied upon to make employment decisions and his right to object to it, in conformance with the statute.

   C. Defendant Adecco failed to inform Plaintiff of his rights under Article 23-A of the Corrections Law as required by statute.

   D. Defendant Adecco did not attempt to fix the issued report in a timely matter as required by statute.

   E. Defendant Adecco has refused to hire Plaintiff or consider him for future employment based on the incorrect results of the background check.

   F. Defendant Adecco never stated a legitimate business need for running Plaintiff's background check without a job offer.

26. As a result of Defendant's conduct, actions and omissions, Plaintiff suffered damages as set forth at paragraph 17 above.

27. Defendant's conduct, actions and inactions were willful, rendering Defendant liable for punitive damages in an amount to be determined by this Court pursuant to N.Y. Gen. Bus. L. § 380-l.

28. In the alternative, Defendant's conduct, actions and inactions were negligent, rendering Defendant liable for actual damages pursuant to N.Y. Gen. Bus. L. § 380-m.

29. Plaintiff is entitled to recover costs from Defendant in an amount to be determined by this Court pursuant to either N.Y. Gen. Bus. Law §§ 380-l or 380-m.

30. This Court has the equitable power to enjoin Defendants from engaging in conduct that violates the New York Fair Credit Reporting Act, and Plaintiff requests that it exercise its equitable jurisdiction.

As a consequence of the above violations, Plaintiff is entitled to compensatory and punitive damages, declaratory relief, and injunctive relief, as requested below:

**WHEREFORE**, Plaintiff respectfully requests that this Court grant Plaintiff the following relief:

(a) Declare the defendant's actions complained herein to be in violation of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.*; and

(b) Declare the defendant's actions complained herein to be in violation of the New York Fair Credit Reporting Act, N.Y. Gen. Bus. Law §§ 380 *et seq.*; and

(c) Permanently enjoin the defendant from violating the federal Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* and the New York Fair Credit Reporting Act, N.Y. Gen. Bus. Law § 380-a *et seq.*,

(d) Order Defendant Adecco to take appropriate actions, including training staff members of their obligations under the federal and state FCRA to ensure that the activities complained of herein are not engaged in again by Defendant Adecco or any of their agents; and

(e) Award actual damages of $100,000 as authorized by the federal Fair Credit Reporting Act, 15 U.S.C. §§ 1681n and 1681 and the New York State Fair Credit Reporting Act, N.Y. Gen. Bus. Law §§ 380-l and 380-m, and

(f) Award punitive and compensatory damages of $100,000 to Plaintiff against Defendant Adecco; as authorized by the federal Fair Credit Reporting Act, 15 U.S.C. § 1681n and the New York Fair Credit Reporting Act, N.Y. Gen. Bus. Law § 380-l, and

(g) Award Plaintiff's costs pursuant to 42 U.S.C. § 3613(c)(2); and

(h) Provide such other and further relief as this Court deems just and proper.

## VII. DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues.

Dated: February 1, 2011

Respectfully submitted,

Richie F. Levine, M.S.L.S, C.P.

Pro-Se for Plaintiff
290 Larkin Drive STE 103-373
Monroe, N.Y. 12601
(845) 545-2768